# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

In re:

KIMATEK INC.,
EIN: 41-2125583,

    Debtor.

Case No. 17-21113 TBM

Chapter 7

DAVID V. WADSWORTH,
  Chapter 7 Trustee,

    Plaintiff,

v.

BANK OF CHINA,

    Defendant.

Adv. No. _____

## COMPLAINT

David V. Wadsworth, the duly appointed chapter 7 trustee in this case (the "**Trustee**"), sues the Bank of China (the "**Defendant**"), and states:

### PARTIES, JURISDICTION AND VENUE

1. On December 6, 2017 ("**Petition Date**"), debtor Kimatek Inc. (the "**Debtor**") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Colorado.

2. The Trustee is the duly appointed chapter 7 trustee in the Debtor's underlying bankruptcy case.

3. The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the automatic referral of bankruptcy matters from the United States District Court for the District of Colorado pursuant to D.C.COLO.LCivR 84.1.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), and/or (O).

6. Defendant's President and CEO is upon information and belief Xu Chen, Bank of China, 1045 Avenue of the Americas, New York, New York 10018 and/or 4235 Main Street, Flushing, New York 11355.

## GENERAL ALLEGATIONS

7. Upon information and belief, prepetition, the Debtor maintained a checking account with Chase, ending in account no. 7582 (the "**Account**").

8. Prepetition, and within 90 days of the Petition Date, the Debtor transferred to Defendant at least $27,227.20 from the Account as follows:

- September 11, 2017, in the amount of $9,617; and
- October 11, 2017, in the amount of $17,610.20.

9. The referenced transfers and all other relevant unknown transfers are, collectively, the "**Transfers**."

## CLAIM FOR RELIEF
### Avoidance and Recovery of Preferential Transfers
### 11 U.S.C. §§ 547 and 550

10. The Trustee incorporates all of the foregoing paragraphs of this Complaint as if fully recited herein.

11. At all times relevant hereto, the Defendant was a creditor of the Debtor.

12. On or within 90 days before the Petition Date, the Debtor made the Transfers to or for the benefit of the Defendant.

13. The Transfers were transfers of money of the Debtor that the Debtor caused to be delivered to the Defendant, and hence constitutes transfers of an interest of the Debtor in property.

14. The Transfers were made while the Debtor was insolvent. *See* 11 U.S.C. § 547(f).

15. The Transfers were made in on account of antecedent debt, owed by the Debtor to the Defendant before the Transfers were made.

16. The Transfers enabled the Defendant to receive more than it would have received if: (i) the Debtor's case was a case under chapter 7 of Title 11 of the United States Code; (ii) the Transfers had not been made; and (iii) the Defendant had received payment only to the extent provided by the provisions of Title 11 of the United States Code.

17. The Transfers to or for the benefit of the Defendant is avoidable under § 547(b) of the Bankruptcy Code.

18. The Trustee is entitled to recover from the Defendant the value of the Transfers for the benefit of the Debtor's bankruptcy estate under § 550 of the Bankruptcy Code.

WHEREFORE, the Trustee requests that the Court enter judgment in favor of the Trustee on this Complaint and against the Defendant for: (i) avoidance and preservation of the Transfers for the benefit of the Debtor's estate; (ii) money judgment for the value thereof; (iii) disallowance

of the Claim; pre- and post-judgment interest, costs and attorneys' fees as allowed by law; and (iv) such other and further relief that the Court deems appropriate.

Dated: November 1, 2019.   Respectfully submitted,

LAW OFFICES OF KEVIN S. NEIMAN, PC

*/s/ Kevin S. Neiman*
Kevin S. Neiman, # 36560
999 18th Street, Suite 1230 S
Denver, CO  80202
Tel:           (303) 996-8637
Fax:          (877) 611-6839
E-mail:      kevin@ksnpc.com

***Counsel for the Trustee***